UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TEXAS ROADHOUSE, INC., ET AL.                                    PLAINTIFFS


v.                                              CIVIL ACTION NO. 3:13-CV-1170-CRS


JON HOOK                                                           DEFENDANT


**MEMORANDUM OPINION**

This matter is before the Court on a motion to remand filed by Plaintiff Texas Roadhouse Delaware, LLC ( "Plaintiff"), against Defendant Jon Hook ("Hook"). For the reasons set forth below, the Court will grant the motion to remand.

**BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. Hook is a former employee of Plaintiff who allegedly disclosed certain trade secrets to his new employer California Pizza Kitchens ("CPK"). On October 25, 2013, Plaintiff filed the present action in Jefferson County Circuit Court seeking a temporary injunction as well as statutory damages and attorney's fees pursuant to the Uniform Trade Secrets Act ("UTSA"). On December 2, 2013, Hook removed the action on the basis of diversity jurisdiction, arguing that the amount in controversy requirement was satisfied because "While no amount is stated for damages [in the Complaint], Plaintiff asserts 'willful and malicious' actions have caused Plaintiff to suffer damages for which it seeks compensatory damages, including alleged unjust enrichment, exemplary damages and statutory attorney's fees." On January 2, 2013, Plaintiff filed a motion to

remand the action on the grounds that Hook failed to carry his burden of demonstrating that the amount in controversy requirement had been satisfied.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to remand.

**STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant ... to the district court ... embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has original diversity jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a). A defendant seeking removal bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

If the plaintiff's complaint does not specify the amount of damages sought to be recovered, the burden rests with the defendant to produce other evidence establishing that the amount-in-controversy requirement has been satisfied. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (holding that where plaintiff's complaint seeks recovery of an unspecified amount of damages, the burden is on defendant to prove the threshold jurisdictional amount by a preponderance of the evidence). However, this burden is "a moderate burden that… does not place upon the defendant the daunting burden imposed by the legal certainty test, to research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994) (citing *Gafford*, 997 F.2d at 159). Rather, the defense is entitled to rely on a

"fair reading" of the allegations set forth in the complaint, *see Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001), meaning that the amount in controversy may be established by drawing reasonable inferences based on the nature and extent of the damages requested in the complaint. *See Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13–CV–00046–TBR, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013) (evaluating the amount in controversy by looking to the nature and extent of the compensatory and punitive damages requested by plaintiffs); *Shupe v. Asplundh Corp.*, No. 5:12–CV–286–KKC, 2013 WL 647504, at *2 (E.D. Ky. Feb. 21, 2013) (same); *J.T. Carneal v. Travelers Cas. Ins. of America*, No. 5:12–CV–00174, 2013 WL 85148, at *2 (W.D. Ky. Jan. 7, 2013) (same).

## DISCUSSION

Because Plaintiff has conceded diversity of citizenship, the sole issue presented for decision is whether Hook has satisfied his burden of demonstrating that the amount in controversy will more likely than not exceed $75,000. In its motion to remand, Plaintiff argues that Hook has failed to carry this burden insofar as his only basis for asserting that the amount in controversy requirement has been satisfied consists of his speculative assumption that the types of damages requested by Plaintiff are such that they will undoubtedly exceed $75,000. According to Plaintiff, while it is true that Hook need not prove to a legal certainty that the amount in controversy requirement has been satisfied, he must nevertheless produce concrete and tangible evidence supporting his claim that the damages requested by Plaintiff will more likely than not exceed $75,000.

In response, Hook has advanced several arguments. First, Hook argues that, under applicable Sixth Circuit precedent, "[t]he law is clear that a complaint which presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can

3

support removal without calling on the defendant to show anything more." (Resp. to Mot. to Remand, DN 10, at 5). Accordingly, Hook argues that his Notice of Removal sufficiently demonstrated that the amount in controversy requirement had been satisfied by reciting the various damages requested by Plaintiff and relying on the reasonable inference that the sum total of these damages would exceed $75,000.

Although it is true that a defendant may satisfy the amount in controversy requirement by relying on a "fair reading" of the allegations set forth in the complaint, the Court concludes that Hook's Notice of Removal falls well short of satisfying even this moderate burden. Nowhere in his Notice of Removal does Hook attempt to evaluate the amount of damages actually suffered by Plaintiff as a result of his alleged misappropriation. Without any evidence tending to show that Plaintiff suffered significant damages, the mere fact that Plaintiff has requested punitive damages and attorney's fees is far from sufficient to demonstrate that the amount in controversy will more likely than not exceed $75,000. Thus, Hook must go beyond his Notice of Removal in order to carry his burden of demonstrating that the amount in controversy requirement has been satisfied.

Second, Hook has tendered an affidavit documenting his annual compensation while he was employed by Plaintiffs. According to Hook, this affidavit demonstrates that the amount in controversy will clearly exceed $75,000 because Plaintiff's request for damages based on unjust enrichment "presumably consist[s] of compensation that Texas Roadhouse paid to Mr. Hook during July and August of 2013, the period in which the Complaint alleges that Mr. Hook was not dedicated to the interest of his then-employer but actually acting in the interests of his current employer." (Resp. to Mot. to Remand, DN 10, at 6). In response, Plaintiff denies that its request for damages based on unjust enrichment involves Hook's compensation. To the

4

contrary, Plaintiff states that "[t]he unjust enrichment claim derives from Hook's behavior in seeking out and obtaining confidential information." (Reply to Resp. to Mot. to Remand, DN 14, at 4). Thus, rather than seeking unjust enrichment based on Hook's past compensation, Plaintiff argues that they are merely seeking unjust enrichment based on Hook's unlawful use of the allegedly misappropriated trade secrets. As explained by Plaintiff, "[t]he damages from that behavior does not hinge on Hook's position or salary; it would be the same whether Hook was [Plaintiffs'] CEO, restaurant manager, or janitor." (Reply to Resp. to Mot. to Remand, DN 14, at 4).

Because Hook's affidavit focuses exclusively on his compensation, the Court concludes it is insufficient to carry his burden of demonstrating that the amount in controversy will more likely than not exceed $75,000. As clarified by Plaintiff, the damages they seek for unjust enrichment in no way relate to Hook's compensation. Thus, Hook's affidavit is immaterial and he must produce other evidence demonstrating that the amount in controversy requirement has been satisfied.

Rather than produce additional evidence, however, Hook's final argument focuses instead on Plaintiff's failure to stipulate that the amount in controversy will not exceed $75,000. According to Hook, because Plaintiff has refused to stipulate that their requested damages will not exceed $75,000, the motion to remand must be denied as nothing more than "blatant gamesmanship." (Resp. to Mot. to Remand, DN 10, at 8). However, while it is true that a damages stipulation may in certain cases support remand, it does not follow that a plaintiff's failure to enter such a stipulation is itself sufficient to satisfy a defendant's burden of demonstrating that the amount in controversy requirement has been satisfied as a means of avoiding remand. Although Hook correctly points out that *Hayes v. Equitable Energy Res. Co.*,

266 F.3d 560 (6th Cir. 2001), relied in part on the plaintiffs' unwillingness to enter such a stipulation, he fails to mention that the court had previously concluded that the defendant had produced sufficient evidence demonstrating that the amount in controversy requirement had been satisfied. *See id.* at 573. Unlike the defendant in *Hayes*, Hook has not produced any concrete or credible evidence demonstrating that the amount in controversy will more likely than not exceed $75,000. Accordingly, the mere fact that Plaintiff has refused to stipulate that its requested damages will not exceed $75,000 is insufficient to justify denial of the motion to remand.

Having found each of Hook's arguments to be meritless, the Court will grant the motion to remand.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

May 22, 2014